54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward COLEMAN, Plaintiff-Appellant,
v.
Louis BLACHOWSKI, President; American Federation of Grain
Millers, Local #58, Bargaining Committee; Kevin
Wilt; Tom Traub; General Mills,
Bargaining Committee,
Defendants-Appellees.
 No. 94-4252.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1995.
 
 Before: BROWN, KENNEDY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Edward Coleman, a pro se Ohio resident, appeals a district court judgment dismissing his labor relations case filed pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Edward Coleman and Lee Russell sued their union, union representatives, and employer, General Mills, contending that they were denied seniority rights when General Mills opened a new cake factory. Coleman and Russell filed a grievance with the union concerning an alleged breach of the union contract. The grievance was denied at all levels of the grievance process.
 
 
 3
 After exhausting their available administrative remedies, Coleman and Russell filed a "hybrid" Sec. 301 action against the union and General Mills. The district court subsequently granted Russell's motion for voluntary dismissal. Defendants moved for summary judgment which Coleman opposed. The district court granted summary judgment for the defendants and dismissed the case. In his timely appeal, Coleman argues that the defendants should not have been granted summary judgment because they failed to answer his amended complaint, he was denied seniority rights, and the union failed to provide him with adequate representation.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir. 1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Coleman contends that the district court erred in granting summary judgment to the defendants because the defendants have not filed an answer to his amended complaint. However, the record reveals that Coleman's amended complaint was not served on the defendants. Therefore, the defendants could not have filed an answer to the amended complaint. Further, Coleman did not raise this issue in the district court which means that the issue is not reviewable on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 6
 Turning to the merits, the general rule is that a hybrid Sec. 301 action involves two claims: breach of the collective bargaining agreement by the employer and breach of the duty of fair representation by the union. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164 (1983). The two claims are inextricably interdependent. Id. at 164-65. To recover against either the company or the union, Coleman must show that the company breached the collective bargaining agreement and that the union breached its duty of fair representation. Bagsby v. Lewis Bros., Inc., 820 F.2d 799, 801 (6th Cir. 1987). The undisputed facts establish that General Mills did not breach its collective bargaining agreement nor did the union breach its duty of fair representation. Therefore, Coleman has failed to establish a hybrid Sec. 301 action. Id.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.